**PERKINS COIE LLP**
James G. Snell (Bar No. 173070)
*JSnell@perkinscoie.com*
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300

Lauren J. Tsuji (Bar No. 300155)
*LTsuji@perkinscoie.com*
Anna Thompson-Lanners (*Pro Hac Vice*)
*AThompsonLanners@perkinscoie.com*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant IGN Entertainment, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

PETER OSTINI, MICHAEL CHAVARRIA, DAVID RAMIREZ, ROBERT PRADO, and STACY PENNING, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

IGN ENTERTAINMENT, INC.,

Defendant.

Case No. 5:26-cv-01375-EJD

**IGN ENTERTAINMENT, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Date: Aug. 13, 2026
Time: 9:00 a.m.
Location: Courtroom 4, 5th Floor
Judge: Hon. Edward J. Davila

Pursuant to Federal Rule of Evidence 201(b)(2), Defendant IGN Entertainment, Inc. ("IGN") requests that the Court judicially notice the documents attached hereto and referenced in the contemporaneously filed Motion to Dismiss.

**DOCUMENTS TO BE JUDICIALLY NOTICED**

**Exhibit A**: A true and correct copy of the Notice of Ruling in *Heiting v. Wildflower Brands, LLC*, No. 25STCV18507 (LA Cnty. Super. Ct., Apr. 16, 2026).

**Exhibit B**: A true and correct copy of the Notice of Ruling in *Attebery v. Atlas Finan. Solutions, Inc.*, No. 25STCV30118 (LA Cnty. Super. Ct., May 8, 2026).

**Exhibit C:** A true and correct copy of the Judgment Granting Defendant's Demurrer to Plaintiff's Complaint in *Blalock v. EquipmentShare.com Inc.*, No. 30-2025-01508739-CU-MC-CJC (Orange Cnty. Super. Ct., Feb. 25, 2026).

**Exhibit D**: A true and correct copy of the Judgment Granting Defendant's Demurrer to Plaintiff's Complaint in *Sanchez v. MGIC Investment Corp.*, No. 24STCV21788 (LA Cnty. Super. Ct., Jul. 16, 2025).

**Exhibit E**: A true and correct copy of the Assembly Committee on Public Safety analysis of Assembly Bill No. 929 (2015–2016 Reg. Sess.) dated April 6, 2015.

**Exhibit F**: A true and correct copy of the Senate Committee on Public Safety analysis of Assembly Bill No. 1924 (2015–2016 Reg. Sess.) dated May 23, 2016.

**AUTHORITIES SUPPORTING JUDICIAL NOTICE**

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "may take judicial notice of court filings and other matters of public record." *Fujishige v. Amazon.com Servs. LLC*, 22-CV-06397-EJD, 2024 WL 348826, at *3 (N.D. Cal. Jan. 30, 2024) (quoting *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006)). In addition, courts may also take judicial notice of legislative documents, including assembly bill analysis. *See In re: Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1128 (N.D. Cal. 2018) (citing *Anderson v. Holder*,

673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice.").

Exhibits E and F—the Assembly Committee on Insurance analysis of Assembly Bill No. 929 (2015–2016 Reg. Sess.), dated April 6, 2015 and the Senate Committee on Public Safety analysis of Assembly Bill No. 1924 (2015–2016 Reg. Sess.) dated May 23, 2016—are legislative documents squarely within the scope of permissible judicial notice under this authority.

Further, it is well established that a court may take judicial notice of pleadings, court orders, and other filings in related proceedings. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Asdar Group v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (court may take judicial notice of pleadings and court orders in related proceedings); *U.S., ex rel. Modglin v. DJO Global Inc.*, No. 10-CV-7483, 2014 WL 4783575, at *11 (C.D. Cal. Sept. 2, 2014) ("As respects court orders and filings in other . . . cases, these documents, too, are the proper subject of judicial notice"). Such notice is particularly appropriate at the motion to dismiss stage with respect to "undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted); *see also Bennet v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (recognizing that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Each of the proceedings reflected in Exhibits A through D bears a direct and material relation to the matters at issue in this action. Specifically, those exhibits document proceedings in California state court in which plaintiffs have asserted claims predicated on alleged unlawful use of a "pen register" or "trap and trace device" under California Penal Code §§ 638.50–638.51—allegations that are materially similar to those at issue here.

Accordingly, IGN respectfully requests that the Court take judicial notice of Exhibits A-F.

Dated: May 26, 2026

**PERKINS COIE LLP**

By: */s/ James G. Snell*

Lauren J. Tsuji (Bar No. 300155)
James G. Snell (Bar No. 173070)
Anna Thompson-Lanners (*Pro Hac Vice*)

*Attorneys for IGN Entertainment, Inc.*